IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:13-CR-350 - 014 |
| | ) | |
| JUSTIN FINLEY, | ) | Honorable Leonie M. Brinkema |
| a/k/a "J-Mo" | ) | |
| | ) | |
| Defendant. | ) | Sentencing: February 28, 2014 |

**POSITION OF THE UNITED STATES ON SENTENCING**

The United States submits this memorandum setting forth its position on the proper calculation of the guidelines in this case and the appropriate sentence to be imposed in this matter pursuant to the factors set forth in Title 18, United States Code, Section 3553(a).  See Final Presentence Investigation Report (hereinafter "PSIR") (Doc. 575) (February 11, 2014).[1] The Probation Officer determined that the defendant's guideline range is 151 to 188 months, coinciding with an adjusted guidelines range of 29 at criminal history VI. Id.  The government agrees that the guidelines are properly calculated at this range.  The United States respectfully argues that a prison sentence within the guidelines range is appropriately supported by the factors set forth in 18 U.S.C. § 3553(a).

**I.    BACKGROUND**

On August 29, 2013, the Grand Jury sitting in this district returned an indictment charging the defendant along with numerous other associates and leaders of local "sets" of the

---

[1] The government is satisfied that the defendant has accepted responsibility.  Accordingly, the United States moves the Court to adjust the defendant's offense level downward by three levels pursuant to U.S.S.G. § 3E1.1(b) for timely notifying the government of his intention to plead guilty.

Bloods criminal street gang. The defendant was charged in Count 5 (conspiracy to engage in cocaine base trafficking) and Count 9 (conspiracy to engage in sex trafficking).

The defendant pled guilty to Count 5. Count 9 was dismissed upon the acceptance of his guilty plea to Count 5. As summarized in the joint Statement of Facts submitted at the Rule 11 hearing in this case on November 26, 2013, the defendant admitted his association with the Bloods and his role in furthering the crack cocaine distribution activity of the gang led by Thaddaeus Snow. Further, the defendant admitted playing a role in the sex trafficking operation of the gang.

## II. THE APPLICABLE GUIDELINE RANGE

The Probation Officer has calculated the appropriate guideline range in this case. With the three level reduction for acceptance of responsibility, the adjusted offense level is 29 at criminal history category VI resulting in an advisory range of 151 to 188 months in prison.

The defendant has a criminal history category VI based on a pattern of criminal activity that began when he was 10 years of age. The defendant has scored 13 criminal history points at age 24. Thirteen criminal history points is the threshold total for category VI. If the Court determines that category VI is overstated, the incarceration range for category V at offense level 29 is 140 to 175 months incarceration.

## III. SUMMARY OF SENTENCING FACTORS UNDER 18 U.S.C. § 3553

In addition to considering the properly calculated guideline range, this Court must also consider other factors identified in 18 U.S.C. §3553(a). Based on a fair evaluation of the 3553(a) factors, a period of incarceration of 151 months is warranted because of the defendant's conduct in this matter and his troubling criminal history reflecting a clear threat to public safety.

It is without question that the defendant has reached age 24 without the benefit of any advantages in life. His mother was severely injured for all of his life and she passed away at age 45 in 2009 when the defendant was 20 years of age. The defendant did not have a consistent Father figure in his life. The defendant's older brothers have also been consistently incarcerated throughout his life.

Nonetheless, the defendant's criminal history reflects an individual who presents a threat to the safety of others when he is not incarcerated.[2] Notably, the defendant was in a gang related fight in Prince William County on March 17, 2012. The defendant and Stephon Greene inflicted severe injuries on another causing him to fall into a coma. The recipient of the defendant's beating died on May 29, 2012. The autopsy of the victim revealed that had trauma to the left side of his brain.

On November 1, 2009, the defendant was at a house party in Prince William County Virginia. He was accused of stealing cash from the home. The defendant cut an individual on the hand with a box cutter. The defendant hit another individual in the head with a thrown object. After the defendant was asked to leave, he brandished a firearm at others that he had concealed in his waistband. The defendant was pushed out the door only to return later and strike someone on the head with a baseball bat.

The defendant also has a history of robberies, assaults, larcenies, and other crimes. The government submits that the paramount interest for the Court in this case is the protection of the public from the defendant. The only way to accomplish that is through incarceration of the defendant. All other efforts at rehabilitation have been tried and they have failed. The

---

[2] In fact, the defendant has a history of injuring others while confined in controlled environments. *See* PSR ¶71 (expelled from Elk Hill Farm for increasingly threatening/aggressive behavior towards staff and other residents.) *See* PSR ¶72 (While the defendant was at Youth for Tomorrow, he threw a chair at his roommate cutting the roommate's eye.) *See* PSR ¶74 (While at Youth for Tomorrow, the defendant choked a boy in the bathroom until the boy lost consciousness.)

rehabilitation efforts have failed because the defendant cannot modify his behavior in any meaningful way to conform to society's expectations of him. He is a danger to the community. For these reasons, the government asks the Court to sentence the defendant to 151 months in prison.

## IV. CONCLUSION

The United States respectfully requests that this Court find that the guidelines in this case are properly calculated, resulting in an advisory sentencing range of 151 to 188 months incarceration. The government further requests that the Court sentence the defendant to a period of incarceration within the guidelines and consistent with the factors set forth in Title 18, United States Code, Section 3553(a) and in consideration of the above arguments.

                                              Respectfully submitted,

                                              Dana J. Boente
                                              Acting United States Attorney

By:      /s/
                Adam B. Schwartz
                Dennis M. Fitzpatrick
                Assistant United States Attorneys
                U.S. Attorney's Office
                2100 Jamieson Avenue
                Alexandria, VA 22314
                Ph: (703) 299-3700
                Fax: (703) 299-3981
                dennis.fitzpatrick@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on February 25, 2014, I filed the foregoing pleading with the Clerk of the Court, who will then send a notification of such filing (NEF) to the following:

Robert L. Jenkins
Counsel for Justin Finley

                                         /s/
                              Dennis M. Fitzpatrick
                              Assistant United States Attorney
                              United States Attorney's Office
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314